**FILED**

**JUNE 16, 2010**

KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | |
|---|---|
| JUSTIN DEMON DOTIE, PRO SE, | § |
| also known as JUSTIN HILL, | § |
| also known as JUSTIN THOMAS, | § |
| TDCJ-CID No. 1071732, | § |
| Previous TDCJ-CID No. 656977, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | §   2:10-CV-0128 |
| | § |
| WILLIAM H. JONES, III, Major, | § |
| | § |
| Defendant. | § |

## REPORT AND RECOMMENDATION

Plaintiff JUSTIN DEMON DOTIE, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendant and has been granted permission to proceed in forma pauperis.

Plaintiff claims defendant Major JONES "retaliated and conspired to retaliate" against plaintiff after a disciplinary case he wrote plaintiff was overturned at Step 2 of his appeal through the grievance procedure, with the option to rehear the case.  Plaintiff alleges he was subsequently given notice the case would be reheard, but the notice was given 6 days too late and that case, too, was overturned.

Plaintiff says Major JONES then reviewed plaintiff's phone calls and wrote him a case for attempting to make three-way calls and had other officers write plaintiff disciplinary cases for that violation.

Plaintiff requests compensatory damages of $300,000.00; punitive damages of $100,000.00; and unspecified declaratory and injunctive relief.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

To claim retaliation, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation.  *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir.

---

[1]A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2]*Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

1998).  The inmate must be able to point to a specific constitutional right that has been violated.

*Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir.1999).  To state a claim, the inmate must allege

more than his personal belief that he is the victim of retaliation.  *Johnson v. Rodriguez*, 110 F.3d

299, 310 (5th Cir. 1997).  Conclusory allegations of retaliation are not sufficient; the plaintiff

must produce direct evidence of motivation or allege a chronology of events from which

retaliation may plausibly be inferred.  *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).  A

plausible entitlement to relief exists when the allegations in the complaint cross the thresholds

separating the "conclusory" from the "factual" and the "factually neutral" from the "factually

suggestive."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 n.5, 127 S.Ct. 1955, 1966 n.5,

167 L.Ed.2d 929 (2007).  Moreover, causation requires the plaintiff show that but for the

retaliatory motive, the adverse act would not have occurred.  *McDonald*, 132 F.3d at 231.

Finally, the retaliatory adverse act must be more than inconsequential or *de minimis*, that is, it

must be capable of deterring a person of ordinary firmness from further exercising his

constitutional rights.  *Morris v. Powell*, 449 F.3d 682 (5th Cir. 2006).

　　　　In the instant case, plaintiff has not alleged direct evidence of retaliatory intent and

appears to attempt to state a chronology of events from which retaliation may plausibly be

inferred.  Nevertheless, the fact that plaintiff was notified the charge would be retried does not

indicate retaliatory intent by defendant Major JONES.  The step 2 grievance response indicates

that decision was in the Warden's discretion, and plaintiff has not alleged any fact to show

otherwise.

　　　　As to plaintiff's allegation that defendant JONES then reviewed plaintiff's phone calls

and wrote him one or more cases for making three-way phone calls, the Court notes that, in his

"Declaration" accompanying his original complaint, plaintiff states he made such three-way phone calls in violation of prison policy.  Plaintiff states the Unit Classification Committee did not vote to demote plaintiff from G2 to G4 on the first three-way phone call violation because plaintiff justified the call saying he has just received a letter that his mother had been robbed. Nevertheless, that action by the UCC does not support an inference that Major JONES had a retaliatory motive when he wrote the case.  Further, the fact that plaintiff was demoted later as a result of two more disciplinary cases for such three-way phone calls does not show they were brought for retaliatory reasons, even though defendant JONES had them written by other officers.

The Fifth Circuit has rejected temporal proximity as showing causation in the context of § 1983 retaliation cases based on prisoner grievances.  *Reeves v. Wood,* 206 Fed. Appx. 368, 370 (5th Cir.2006) (citing *Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir.1995)).  In *Reeves,* the Fifth Circuit stated that allowing temporal proximity alone to suffice for causation would result in endless claims of retaliation hampering the efficiency of the penal system. *Id.* (citing *Woods,* 60 F.3d at 1166). The same is true under the instant circumstances.

Plaintiff's attempt to attack his disciplinary cases on the basis of retaliation simply because they followed a case written by JONES which was reversed is untenable. Such a rule would create a never-ending series of suits every time any prisoner exercised any constitutional right and then suffered some unwanted treatment whether or not the exercise of the right and the treatment suffered were linked. Without allegations satisfying the "but for" element of causation this claim fails.

**CONCLUSION**

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff JUSTIN DEMON DOTIE be DISMISSED WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

<u>INSTRUCTIONS FOR SERVICE</u>

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 16th day of June 2010.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* <u>NOTICE OF RIGHT TO OBJECT</u> \***

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to

timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).